UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
MOLLIE MARIE F.,

                          Plaintiff,        <u>DECISION AND ORDER</u>
                                            1:22-CV-08418-GRJ

     v.

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

     In August of 2015, Plaintiff Mollie Marie F.[1] applied for Disability

Insurance Benefits and Supplemental Security Income Benefits under the

Social Security Act. The Commissioner of Social Security denied the

applications in part.  Plaintiff, represented by the Law Office of Charles E.

Binder and Harry Binder, Charles E. Binder, Esq., of counsel, commenced

this action seeking judicial review of the Commissioner's denial of benefits

under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the

jurisdiction of a United States Magistrate Judge. (Docket No. 22).

     This case was referred to the undersigned on August 18, 2023.

Presently pending are the parties' Motions for Judgment on the Pleadings

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil
Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court
Administration and Case Management of the Judicial Conference of the United States.

under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket Nos. 11, 15). For the following reasons, Plaintiff's motion is due to be denied, the Commissioner's motion is due to be granted, and this case is dismissed.

## I. BACKGROUND

### A.   Administrative Proceedings

Plaintiff applied for benefits on August 4, 2015, alleging disability beginning March 2, 2015. (T at 162, 220-21).[2]  Plaintiff's applications were denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").  A hearing was held on December 15, 2017, before ALJ Mark Solomon. (T at 123-50).  ALJ Solomon issued a decision denying the applications for benefits on March 5, 2018. (T at 106-22).  The Appeals Council denied Plaintiff's request for review on January 17, 2018. (T at 1-6).

Plaintiff filed an action in the United States District Court for the Southern District of New York seeking judicial review.  On September 4, 2020, the Honorable Debra C. Freeman, United States Magistrate Judge, issued a Report and Recommendation recommending a remand for further administrative proceedings. (T at 1103-1174).  The Honorable Lorna G. Schofield, United States District Judge, issued an order adopting Judge

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 8.

Freeman's recommendation on September 21, 2020 (T at 1102).  The

Appeals Council issued a remand order on November 16, 2020. (T at 1097-

1101).

A further administrative hearing was held before ALJ Solomon on

August 10, 2021. (T at 1054-1096).  Plaintiff appeared with an attorney and

testified. (T at 1076-88). The ALJ also received testimony from Ruth

Baruch, a vocational expert (T at 1089-95), and Dr. Gerald Koocher, a

medical expert. (T at 1062-76).

B.    ALJ's Decision

On November 1, 2021, the ALJ issued a decision denying, in part, the

applications for benefits. (T at 1054-96).  The ALJ found that Plaintiff had

not engaged in substantial gainful activity since March 2, 2015 (the onset

date) and met the insured status requirements of the Social Security Act

through September 30, 2015 (the date last insured). (T at 1017).

The ALJ found that between March 2, 2015, and March 9, 2016 (the

"closed period"), Plaintiff's bipolar disorder, depressive disorder, and

generalized anxiety disorder were severe impairments as defined under the

Social Security Act. (T at 1017).  Further, the ALJ concluded that, during

the closed period, the severity of Plaintiff's impairments met the criteria of

Listings 12.04. (T at 1019).  As such, the ALJ found that Plaintiff was under a disability, as defined under the Act, during the closed period. (T at 1025).

Although the ALJ determined that Plaintiff's impairments remained the same, and remained severe, after the closed period, the ALJ found that after the closed period Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 1025, 1026).

The ALJ determined that Plaintiff medical improvement occurred as of March 10, 2016, and that, after that date, Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following non-exertional limitations: she should avoid working at unprotected heights and with hazardous moving machinery; she can remember, understand and carry out all instructions necessary to perform SVP[3] level 1 or 2 jobs up to reasoning level 3, and can make all work related decisions necessary to perform level 1 or 2 jobs. (T at 1028).

---

[3] "'SVP' stands for 'specific vocational preparation,' and refers to the amount of time it takes an individual to learn to do a given job.... SVP uses a scale from 1 to 9 and the higher the SVP number the greater the skill required to do the job." *Ureña-Perez v. Astrue*, No. 06-CV-02589 (JGK) (MHD), 2009 WL 1726217, at *20 (S.D.N.Y. Jan. 6, 2009) (citations omitted), *report and recommendation adopted as modified*, 2009 WL 1726212 (S.D.N.Y. June 18, 2009).

The ALJ further found that, as of March 10, 2016, Plaintiff could adapt to routine changes in the workplace, maintain attention and concentration for simple, repetitive, routine work, respond appropriately to supervision, have routine interpersonal contact with supervisors and coworkers, and tolerate brief superficial contact with the general public (T at 1028).

The ALJ noted that Plaintiff has no past relevant work. (T at 1037).

Considering Plaintiff's age (21 on the date of medical improvement), education (at least high school), work experience, and RFC, the ALJ determined that, as of March 10, 2016, there were jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (T at 1038).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between March 10, 2016 (the date of medical improvement) and November 1, 2021 (the date of the ALJ's decision). (T at 1038).  On August 1, 2022, the Appeals Council denied Plaintiff's request for review, making ALJ Solomon's second decision the Commissioner's final decision. (T at 1003-1009).

### C.   Procedural History

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on October 3, 2022. (Docket No. 1).  On March 24, 2023, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 11, 12).  The Commissioner interposed a cross-motion for judgment on the pleadings, supported by a memorandum of law, on May 23, 2023. (Docket Nos. 15, 16).  On June 12, 2023, Plaintiff submitted a reply memorandum of law in further support of her motion. (Docket No. 17).

## II.  APPLICABLE LAW

### A.   Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."  *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla"

and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.     *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last

for a continuous period of not less than 12 months ...."  42 U.S.C. §

423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a

five-step sequential analysis:

1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503

(S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v),

416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises three main arguments in support of her request for reversal of the ALJ's decision.  First, Plaintiff argues that the ALJ's assessment of the medical opinion evidence was flawed.  Second, she challenges the ALJ's credibility analysis.  Third, Plaintiff asserts that she is entitled to a new hearing before a different ALJ.  This Court will address each argument in turn.

### A.    Medical Opinion Evidence

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

A "treating physician" is the claimant's "own physician, psychologist, or other acceptable medical source who provides [the claimant] ... with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]." 20 C.F.R. § 404.1502.

An opinion from a treating physician is afforded controlling weight as to the nature and severity of an impairment, provided the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2); 416.927(d)(2).[4]

However, treating physician opinions are not always dispositive. For example, an opinion will not be afforded controlling weight if it is "not consistent with other substantial evidence in the record, such as the opinions of other medical experts." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004).

To determine how much weight a treating physician's opinion should be given, the ALJ considers the "*Burgess* factors" identified by the Second Circuit: "(1) the frequen[cy], length, nature, and extent of treatment; (2) the

---

[4] In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. See 20 C.F.R. § 404.1520c. Because Plaintiff applied for benefits before that date, the new regulations do not apply here.

amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Estrella v. Berryhill*, 925 F.3d 90, 95–96 (2d Cir. 2019)(following *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)).

The *Burgess* factors are also applied to the opinions of non-treating physicians, "with the consideration of whether the source examined the claimant or not replacing the consideration of the treatment relationship between the source and the claimant." *McGinley v. Berryhill*, No. 17 Civ. 2182, 2018 WL 4212037, at *12 (S.D.N.Y. July 30, 2018).  A consultative physician's opinion may constitute substantial evidence. *See Petrie v. Astrue*, 412 F. Appx 401, 406 (2d Cir. 2011).

There are several medical opinions in the record.  This Court will summarize each opinion and then address the ALJ's analysis.

### 1.    Dr. Marinas

Dr. Manuel Marinas, Plaintiff's treating psychiatrist, completed a psychiatric/psychological impairment questionnaire in June of 2017.  He diagnosed "bipolar illness." (T at 392).  Dr. Marinas assessed moderate impairment in Plaintiff's understanding and memory; moderate to marked limitation as to concentration and persistence; moderate to marked impairment with respect to social interaction; and moderate to marked

limitation as to adaptation. (T at 395).  He opined that Plaintiff would be absent from work once a month due to her impairments or treatment. (T at 396). In December of 2017, Dr. Marinas described Plaintiff as "anxious" and characterized her "capacity to relate" as "limited." (T at 940).

       2.   *Dr. Bosco*

In January of 2021, Dr. Joan Bosco, Plaintiff's treating internist, completed a multiple impairment questionnaire.  She noted diagnoses of bipolar disorder, generalized anxiety disorder, and post-traumatic stress disorder. (T at 1386).

Dr. Bosco opined that Plaintiff could not sit or stand for more than 1 hour in an 8-hour workday and could occasionally lift/carry up to 5 pounds. (T at 1388).  She reported that Plaintiff's anxiety would be triggered by multi-tasking, interpersonal interactions, and the pressure of a workplace, causing symptoms severe enough to frequently interfere with her attention and concentration. (T at 1389).

Dr. Bosco opined that Plaintiff would need to take unscheduled breaks to rest at unpredictable intervals during an 8-hour workday. (T at 1389).  She believed Plaintiff would be absent from work more than 3 times per month due to her impairments or treatment. (T at 1390).

### 3.   Dr. Ryser

In February of 2021, Dr. Christina Ryser, a clinical psychologist, performed a consultative examination at the request of Plaintiff's counsel. Dr. Ryser diagnosed bipolar I disorder, generalized anxiety disorder, panic disorder, and post-traumatic stress disorder. (T at 1547).  Dr. Ryser assessed moderate to marked limitation with respect to Plaintiff's understanding and memory; concentration and persistence; social interactions; and adaptation. (T at 1550).  She opined that Plaintiff would be absent from work more than 3 times per month due to her impairments or treatment. (T at 1551).

### 4.   Dr. Koocher

Dr. Gerald Koocher testified as a medical expert at the second administrative hearing.  Dr. Koocher reviewed the record and found that it supported diagnoses of bipolar disorder and anxiety. (T at 1064).  He testified that Plaintiff experienced marked impairment in 2015 and 2016. (T at 1069).

Dr. Koocher opined, however, that Plaintiff's condition subsequently stabilized and improved, with mild to moderate limitation in her ability to understand, remember and apply information; mild impairment with social interaction; moderate limitation as to maintaining concentration,

persistence, and pace; and generally mild impairment with respect to
adapting and managing herself. (T at 1071-73).

    5. *Mr. Montero*

On or about August 19, 2021, Bob Montero, LSCW, wrote a letter
describing his counseling relationship with Plaintiff.  He reported recent
episodes of trauma and psychiatric symptoms. (T at 1931).  Although he
stated that Plaintiff had made progress, he characterized her condition as
fragile. (T at 1931-32).  Mr. Montero opined that Plaintiff is, and has been,
incapable of "holding down a job …." (T at 1932).

    6. *Dr. Kamin*

In September of 2015, Dr. E. Kamin, a non-examining State Agency
review psychologist, assessed no significant limitation in Plaintiff's ability to
understand and remember very short and simple instructions; moderate
impairment in Plaintiff's ability to sustain concentration and persistence;
moderate limitation in social interaction; and moderate impairment in her
ability to respond appropriately to changes in the work setting. (T at 158-
59).

    7. *Dr. Kushner*

Dr. Michael Kushner performed a consultative psychiatric evaluation
in September of 2015.  Dr. Kushner diagnosed unspecified psychotic

disorder. (T at 358).  He assessed mild limitation as to Plaintiff's ability to follow directions and perform simple tasks; moderate to marked limitation as to maintaining attention and concentration and sustaining a schedule; and moderate to marked impairment in social interactions, making appropriate decisions, and dealing with stress appropriately. (T at 357).

### 8.   Dr. Feiden

Dr. Lauren Feiden performed a consultative psychiatric evaluation in September of 2017.  She diagnosed unspecified anxiety disorder and rule out bipolar disorder. (T at 362).  Dr. Feiden opined that Plaintiff could understand, remember, and apply simple and complex directions and instructions; maintain personal hygiene and appropriate attire; and take appropriate workplace precautions. (T at 362).  She found that Plaintiff had mild limitation in sustaining concentration and pace; moderate impairment in social interaction; and moderate limitation in regulating emotions, controlling behavior, maintaining well-being, and sustaining an ordinary routine and regular attendance. (T at 362).  Dr. Feiden characterized Plaintiff's prognosis as "[f]air to guarded." (T at 362).

### 9.   ALJ's Analysis

The ALJ found that the record, including the medical opinion evidence, supported the conclusion that Plaintiff was disabled within the

meaning of the Social Security Act from March 2, 2015, and March 9, 2016. In reaching this conclusion, the ALJ gave partial weight to Dr. Kushner's opinion, limited weight to Dr. Kamin's assessment, partial weight to Dr. Feiden's opinion, limited weight to Dr. Marinas's assessment, and significant weight to Dr. Koocher's testimony. (T at 1021-25).

The ALJ determined that Plaintiff's condition improved following March 10, 2016, and found that she was no longer disabled within the meaning of the Social Security Act after that date. (T at 1028).

In making this finding, the ALJ assigned little weight to the opinion of Dr. Bosco, limited weight to Dr. Ryser's assessment, partial weight to Dr. Feiden's opinion, substantial weight to the testimony of Dr. Koocher, and little weight to the opinion of Mr. Montero. (T at 1025, 1033-37).

Plaintiff challenges the ALJ's finding of medical improvement, arguing that the opinions of Dr. Marinas, Dr. Bosco, and Dr. Ryser were entitled to greater weight and were sufficient to establish ongoing disability.

For the following reasons, the Court concludes that the ALJ's decision is consistent with applicable law and is supported by substantial evidence.

When the record contains competing medical opinions, it is the role of the Commissioner, and not this Court, to resolve such conflicts. *See Veino*

*v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)("Genuine conflicts in the

medical evidence are for the Commissioner to resolve.").  The ALJ may

reach a determination that "does not perfectly correspond with any of the

opinions of medical sources," provided the ALJ's overall assessment is

supported by substantial evidence and consistent with applicable law. *See*

*Trepanier v. Comm'r of SSA*, 752 Fed. Appx. 75, 79 (2d Cir. 2018).

Here, the ALJ reasonably found the longitudinal treatment record and

Plaintiff's reported activities of daily living after March 10, 2016, consistent

with the ability to perform a limited range of simple, routine work.

Clinical notes evidenced that Plaintiff improved her social

relationships, was consistently cooperative and appropriate, and was

overall doing well and making progress, with anxious episodes and

psychiatric symptoms, but generally appropriate demeanor, memory,

judgment, and insight. (T at 945, 949-50, 1024, 1028-37, 939, 945, 949,

960, 966, 1393-98, 1457, 1458, 1461, 1463, 1464, 1466, 1468, 1469, 1471,

1476, 1479, 1484, 1490-1543, 1687-88, 1690-91, 1693-94, 1696-97, 1699,

1701, 1703, 1705, 1707, 1709, 1711, 1856, 1868, 1877, 1880, 1917, 1919,

1921, 1923, 1925, 1927).

The ALJ acted within his discretion in finding the extreme limitations

assessed by some of the medical providers insufficiently supported by the

treatment record. *See, e.g., Knief v. Comm'r of Soc. Sec.*, No. 20 Civ. 6242 (PED), 2021 WL 5449728, at \*1–2, 8–9 (S.D.N.Y. Nov. 22, 2021) (affirming ALJ decision based on treatment records and mental status examinations that claimant had "meaningful, but not profound, mental restrictions" with chronic anxiety and mood disturbances, adequately treated with regular psychiatric appointments and psychiatric medications); *Riaz v. Comm'r of Soc. Sec.*, No. 20-CIV-8418-JPCSLC, 2022 WL 6564018, at \*15 (S.D.N.Y. Aug. 5, 2022), *report and recommendation adopted*, No. 20-CIV-8418-JPCSLC, 2022 WL 4482297 (S.D.N.Y. Sept. 27, 2022)("Accordingly, the ALJ appropriately concluded Dr. Ravelo's asserted limitations were not supported by or consistent with the objective medical and Record evidence.")(collecting cases).

The ALJ also reasonably found the very restrictive opinions inconsistent with Plaintiff's activities, which included pursuing a career in modeling, volunteering, out-of-state travel, and academic success in college. (T at 1024, 943, 1031, 1373, 1457, 1468, 1469, 1476, 1477, 1478, 1479, 1856, 1877, 1880).

In support of her motion, Plaintiff references reports of ongoing psychiatric symptoms and limitations, which she argues provide support for the more restrictive medical opinions.

The issue, however, is not whether there is support for a different interpretation of the evidence and/or an argument for a different balancing of competing medical opinions, but whether substantial evidence supports the ALJ's conclusion.  *See DuBois v. Comm'r of Soc. Sec*., No. 20-CV-8422 (BCM), 2022 WL 845751, at *8 (S.D.N.Y. Mar. 21, 2022)("To be sure, there is some evidence in the record that would support the conclusion that plaintiff had greater limitations than those the ALJ built into her RFC. But that is not the test.").

The ALJ's assessment is also supported by the expert opinion of Dr. Koocher, who reviewed the record and testified subject to cross-examination.  *See Diaz v. Shalala,* 59 F.3d 307, 313 n.5 (2d Cir. 1995)(noting that "opinions of nonexamining sources [may] override treating sources' opinions provided they are supported by evidence in the record")(citing *Schisler v. Sullivan*, 3 F.3d 563, 568 (2d Cir. 1993)); *see also Botta v. Colvin*, 669 F. App'x 583, 584 (2d Cir. 2016); *Marc W. v. Comm'r of Soc*. Sec., No. 1:20-CV-1121 (WBC), 2021 WL 2435651, at *6 (W.D.N.Y. June 15, 2021)(collecting cases).

Additional support for the ALJ's decision is found in the opinion of Dr. Feiden, the consultative examiner who found mild to moderate impairment

in Plaintiff's ability to meet the mental demands of basic work activity. (T at 362).

Notably, the ALJ did not completely discount the evidence of Plaintiff's impairments.  Although the ALJ did not accept the more extreme limitations assessed by Dr. Marinas, Dr. Bosco, and Dr. Ryser, he did limit Plaintiff to simple, routine work, with no more than brief, superficial contact with the public. (T at 1028).

An ALJ can appropriately account for mental impairments, including moderate (or even marked) impairment in the claimant's ability to meet the mental demands of basic work activity, through an RFC containing non-exertional limitations like those found by the ALJ here. *See Platt v. Comm'r of Soc. Sec.*, No. 20 CIV. 8382 (GWG), 2022 WL 621974, at *7 (S.D.N.Y. Mar. 3, 2022)*; Patricia K. v. Comm'r of Soc. Sec.*, No. 5:20-CV-37 (ATB), 2020 WL 7490323, at *15 (N.D.N.Y. Dec. 21, 2020); *Hill v. Comm'r of Soc. Sec.*, No. 18-CV-1161L, 2020 WL 836386, at *4 (W.D.N.Y. Feb. 20, 2020).

For the foregoing reasons, the Court finds the ALJ's decision to discount the more restrictive medical opinions and accept the less restrictive assessments consistent with applicable law and supported by substantial evidence.  *See McIntyre v. Colvin*, 758 F.3d 146, 150-51 (2d Cir. 2014)(finding that ALJ appropriately accounted for moderate work-

related psychiatric limitations by limiting the claimant to unskilled, low stress work involving limited contract with others); *see also Platt v. Comm'r of Soc. Sec.*, 588 F. Supp. 3d 412, 422 (S.D.N.Y. 2022)(collecting cases); *Walters v. Saul*, No. CV 19-3232 (AYS), 2021 WL 4861521, at *11 (E.D.N.Y. Oct. 19, 2021); *Jacqueline L. v. Comm'r of Soc. Sec.*, 515 F. Supp. 3d 2, 12 (W.D.N.Y. 2021).

B.   Credibility

A claimant's subjective complaints of pain and limitation are "an important element in the adjudication of [social security] claims, and must be thoroughly considered in calculating the [RFC] of a claimant." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also* 20 C.F.R. § 416.929.

However, "the ALJ is … not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citations omitted).

Rather, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record." *Id*. (citation omitted); *see also Henningsen v. Comm'r of Soc. Sec.*, 111 F. Supp. 3d 250, 267 (E.D.N.Y. 2015) ("The ALJ retains discretion to assess the credibility of a claimant's testimony regarding disabling pain and 'to arrive

at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.'" (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979))).

The ALJ follows a two-step process in evaluating a claimant's credibility.  First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier*, 606 F.3d at 49 (citation omitted).

Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id*. (citation, alterations, and quotation marks omitted). The ALJ must "consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, No. 13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184.

This inquiry involves seven (7) factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3)

precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

If the ALJ discounts the claimant's credibility, the ALJ "must explain the decision to reject a claimant's testimony "with sufficient specificity to enable the [reviewing] Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether [the ALJ's] decision is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010)(alterations in original, citations omitted).

In the present case, Plaintiff testified as follows: She cannot sustain the demands of work activity on a regular basis due to anxiety, including panic attacks. (T at 131-32, 142, 1080-81).  The pressure of work would exacerbate her symptoms. (T at 141).  She feels sad and hopeless constantly and becomes angry frequently. (T at 1080, 1082, 1085). Medication causes sleepiness and dizziness. (T at 134, 1079).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but

concluded that her statements concerning the intensity, persistence, and limiting effects of those symptoms were not fully credible. (T at 1029).

Upon review of the record the Court finds that the ALJ's decision to discount Plaintiff's credibility is supported by substantial evidence and consistent with applicable law.

First, the ALJ found Plaintiff's complaints of disabling anxiety and depression not fully consistent with the treatment record, which (as discussed above) the ALJ reasonably read as documenting overall progress and generally effective symptom management following the closed period of disability.  (T at 1028-37).

An ALJ has the discretion to discount a claimant's subjective complaints where, as here, those complaints can be considered inconsistent with the overall clinical assessments and treatment notes. *See Kuchenmeister v. Berryhill*, No. 16 Civ. 7975, 2018 U.S. Dist. LEXIS 9750, at *59 (S.D.N.Y. Jan. 19, 2018); *Rodriguez v. Colvin*, No. 15 Civ. 6350, 2016 U.S. Dist. LEXIS 159003, at *68-69 (S.D.N.Y. Nov. 14, 2016); *Robles v. Colvin*, No. 16CV1557 (KMK) (LMS), 2019 U.S. Dist. LEXIS 62118, at *51 (S.D.N.Y. Apr. 9, 2019).

The ALJ also noted that Plaintiff used public transportation, pursued a modeling career, attended social events, and successfully obtained a college degree. (T at 1029-30).

While ALJs must be careful not to overinterpret a claimant's ability to perform limited tasks as evidence of the ability to maintain full-time, competitive, remunerative work, the ALJ may consider the claimant's "daily activities" when assessing credibility. *See* 20 C.F.R. § 404.1529(c)(3)(i). A claimant's "normal range of activities" may be relied upon as evidence that the claimant "retains a greater functional capacity than alleged." *Smoker v. Saul*, No. 19-CV-1539 (AT) (JLC), 2020 U.S. Dist. LEXIS 80836, at *53 (S.D.N.Y. May 7, 2020)(citation omitted).

Again, it is notable that the ALJ did not completely discount the evidence of impairment, including Plaintiff's subjective statements.  The ALJ found Plaintiff disabled for a closed period and accepted a significant degree of restriction and incorporated limitations into the RFC. (T at 1025, 1028).

"Substantial evidence is "a very deferential standard of review — even more so than the 'clearly erroneous' standard." *Brault v. SSA*, 683 F.3d 443, 447-48 (2d Cir. 2012) (per curiam) (citation omitted). "The substantial evidence standard means once an ALJ finds facts, [a court] can

reject those facts only if a reasonable factfinder would *have to conclude otherwise*." Id. at 448 (emphasis in original) (citation and internal quotation marks omitted). "The role of the reviewing court is therefore quite limited and substantial deference is to be afforded the Commissioner's decision." *Johnson v. Astrue*, 563 F. Supp. 2d 444, 454 (S.D.N.Y. 2008)(citation and internal quotation marks omitted).

Indeed, "[i]f the reviewing court finds substantial evidence to support the Commissioner's final decision, that decision must be upheld, even if substantial evidence supporting the claimant's position also exists." *Id.* (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)); *see also McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.")(citation omitted).

For the reasons outlined above, the Court concludes that the ALJ's decision to discount Plaintiff's subjective complaints and overall RFC determination supported by substantial evidence, including a reasonable reading of the treatment record, the medical opinions (including the expert testimony of Dr. Koocher), and an appropriate assessment of Plaintiff's activities of daily living. *See Stanton v. Astrue,* 370 Fed App'x 231, 234 (2d Cir. 2010)(stating that courts will not "second-guess the credibility finding . .

. where the ALJ identified specific record-based reasons for his ruling");

*Hilliard v. Colvin*, No. 13 Civ. 1942, 2013 U.S. Dist. LEXIS 156653, at *48

(S.D.N.Y. Oct. 31, 2013)(finding that ALJ "met his burden in finding

[subjective] claims not entirely credible because [claimant] remains

functional in terms of activities of daily living and the objective medical

evidence fails to support her claims of total disability based on pain").

    *C.    Appointments Clause*

    In *Lucia v. S.E.C.*, 138 S. Ct. 2044, 2051, 201 L. Ed. 2d 464 (2018),

the Supreme Court ruled that ALJs appointed under procedures

established by the Securities and Exchange Commission were subject to

the Appointments Clause of Article II of the Constitution.  Consequently, the

Court ruled that an ALJ must be appointed by the President, a court of law,

or the head of a department. *Id.*

    Based upon the reasoning of *Lucia* some litigants have argues that

*Lucia* applied to ALJs appointed by the Social Security Administration.  To

address this argument, the Commissioner of Social Security ratified the

appointment of its ALJs in March of 2019. *See* SSR 19-1p.

    In cases where the claimant challenged the appointment of the ALJ

prior to ratification, the Appeals Council was directed to "conduct a new and

independent review of the claims file and either remand the case to an ALJ

*other than the ALJ who issued the decision under review*, or issue its own new decision about the claim covering the period before the date of the ALJ's decision." *Id.* (emphasis added).

In the present case, the parties do not dispute that ALJ Solomon was not constitutionally appointed when he issued his first decision in May of 2018, but was validly appointed when he issued the second decision in November of 2021.

In *Carr v. Saul*, 141 S.Ct. 1352, 1362, 209 L.Ed.2d 376 (2021), the Supreme Court ruled that Social Security claimants may challenge the appointment of the ALJ who heard their case even if they raise that challenge for the first time in the district court.

Plaintiff did not initially contest ALJ Solomon's appointment, and the prior remand was not based on an Appointments Clause challenge. *See Flinton v. Berryhill,* No. 19CV02054 (LGS) (DF), 2020 WL 5634462, at *34 (S.D.N.Y. Sept. 4, 2020), *report and recommendation adopted sub nom. Flinton v. Saul,* No. 19CIV2054LGSDF, 2020 WL 5634321 (S.D.N.Y. Sept. 21, 2020).

The question presented, therefore, is whether Plaintiff was entitled to a remand to a *different* ALJ because ALJ Solomon was not properly appointed the first time he heard the case.

In *Lucia*, when discussing the remedy for a violation of the Appointments Clause, the Supreme Court said that the claimant was entitled to a new hearing from a properly appointed ALJ *other than* the ALJ who heard the case originally. *Lucia*, 138 S.Ct. at 2055 n.5.

Two circuit courts of appeals have read *Lucia* to mean that a social security claimant is "entitled to an independent decision issued by a different ALJ if a timely challenged ALJ decision is 'tainted' by a pre-ratification ALJ decision." *Cody v. Kijakazi*, 48 F.4th 956, 963 (9th Cir. 2022); *see also Brooks v. Kijakazi*, 60 F.4th 735, 742 (4th Cir. 2023).

The Second Circuit has not addressed this question, but several district courts in the Circuit have adopted the position taken in *Cody* and *Brooks*. *See Melissa L.R. v. Kijakazi*, No. 1:21-CV-00318(BKS), 2022 WL 3153937, at *3 (N.D.N.Y. Aug. 8, 2022); *Misty D. v. Kijakazi*, No. 3:18-CV-206, 2022 WL 195066, at *3 (N.D.N.Y. Jan. 21, 2022); *Dwayne F. v. Comm'r of Soc. Sec.*, No. 6:21-CV-6583-EAW, 2023 WL 2549608, at *5 (W.D.N.Y. Mar. 17, 2023); *Mary D. v. Kijakazi*, No. 3:20-CV-656 (RAR), 2021 WL 3910003, at *10 (D. Conn. Sept. 1, 2021).

Other courts, including one in this Circuit, have rejected this "bright line" reading of *Lucia*. *See Cheryl L. D. v. Comm'r of Soc. Sec. Admin.,* No. 3:21CV00704(SALM), 2022 WL 2980821, at *3 (D. Conn. July 28, 2022);

*Govachini v. Comm'r of Soc. Sec.*, No. CV 19-1433, 2020 WL 5653339, at *1 n. 1 (W.D. Pa. Sept. 23, 2020); *Croce v. Comm'r of Soc. Sec.*, No. 6:20-CV-1393-EJK, 2022 WL 2276879, at *2 (M.D. Fla. Feb. 9, 2022); *Raper v. Comm'r of Soc. Sec.*, No. 5:20-CV-597-PRL, 2022 WL 1078128, at *6 (M.D. Fla. Mar. 25, 2022).

The Court finds the latter view more persuasive as applied to this case.  The Supreme Court stated that its ruling was not intended to create a bright line rule. *See Lucia v. S.E.C.*, 138 S. Ct. at 2055 n.5 ("[W]e do not hold that a new officer is required for every Appointments Clause violation.").

The main concern animating the remedy fashioned in *Lucia* was the fact that an ALJ hearing a case remanded due to an Appointment Clause challenge "would have no reason to think he did anything wrong on the merits … and so could be expected to reach all the same judgments." *Id.*

Here, by contrast, the remand was not based on an Appointments Clause challenge and the Appeals Council (T at 1097-1101), along with two federal judges, provided ALJ Solomon ample reason to think he did something wrong on the merits. *Flinton,* 2020 WL 5634462, at *34, *report and recommendation adopted sub nom.* 2020 WL 5634321

Any concern on this score is resolved by the fact that ALJ Solomon did not "reach all the same judgments" from his prior decision. Rather, he further developed the record by obtaining additional medical records and solicited the testimony of a medical expert, provided a highly detailed, extensively supported, well-reasoned decision, and reached a different conclusion than he did the first time he heard the case (finding Plaintiff eligible for a closed period of disability).[5]

Therefore, the Court concludes that a remand for a hearing before a different ALJ is not required under the circumstances presented here. *See Cheryl L. D.*, 2022 WL 2980821, at *4 ("Plaintiff received a new, substantive hearing, with a substantively different decision, by an ALJ who had been properly appointed. Thus, the ALJ's 2021 decision presents no constitutional concern, and plaintiff is not entitled to remand on that basis.").

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 11) is DENIED; the Commissioner's Motion for

---

[5] In *Cody*, the Ninth Circuit found remand to a different ALJ required because, *inter alia*, "in the post-ratification 2019 decision, the ALJ reached 'all the same judgments,' … as in the pre-ratification 2017 decision." *Cody*, 48 F.4th at 962.  Likewise, the Fourth Circuit's decision in *Brooks* concerned a case in which the ALJ "simply [made] the same ruling" on remand. *See Brooks*, 60 F. 4th at 743.

Judgment on the Pleadings (Docket No. 15) is GRANTED; and this case is

DISMISSED. The Clerk is directed to enter final judgment and then close

the file.


Dated: September 11, 2023                    s/Gary R. Jones
                                             GARY R. JONES
                                             United States Magistrate Judge