UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
MOLLIE MARIE F.,

                        Plaintiff,        <u>DECISION AND ORDER</u>
                                              1:22-CV-08418-GRJ

        v.

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
--------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

On September 11, 2023, this Court entered a Decision and Order denying a Motion for Judgment on the Pleadings filed by Plaintiff Mollie Marie F.[1] and granting a Motion for Judgment on the Pleadings filed by the Commissioner of Social Security. (Docket No. 23). On July 2, 2025, the United States Court of Appeals for the Second Circuit vacated that decision and directed that the case be remanded for further administrative proceedings. (Docket No. 26).

Presently pending is Plaintiff's motion for an award of attorneys' fees and costs pursuant to 28 U.S.C. § 2412 (d), the Equal Access to Justice

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Act ("EAJA") (Docket No. 35).  For the following reasons, Plaintiff's motion is due to be denied.

## I.  BACKGROUND

In August of 2015, Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income Benefits under the Social Security Act. The Commissioner of Social Security denied the applications in part. Plaintiff, by and through counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

In support of her request for reversal of the unfavorable portion of Commissioner's decision, Plaintiff argued, *inter alia*, that she was entitled to a remand because the Administrative Law Judge who decided her case was not validly appointed at the time of her first administrative hearing.  The Commissioner contended that a hearing before a new ALJ was not required under the circumstances presented in this case.

Resolution of this issue turns on the interpretation of the Supreme Court's decision in *Lucia v. S.E.C.*, 138 S. Ct. 2044, 2051, 201 L. Ed. 2d 464 (2018).

In *Lucia,* the Court ruled that ALJs appointed under procedures established by the Securities and Exchange Commission were subject to

the Appointments Clause of Article II of the Constitution.  The Court held that an ALJ must be appointed by the President, a court of law, or the head of a department. *Id.*

When discussing the remedy for an Appointments Clause violation in a footnote, the Court said that the claimant was entitled to a new hearing from a properly appointed ALJ *different than* the ALJ who heard the case originally. *Id.* at 2055 n.5.

Because the logic of *Lucia* appeared to apply to ALJs appointed by the Social Security Administration, the Commissioner of Social Security ratified the appointment of its ALJs in March of 2019. *See* SSR 19-1p.  In cases where the claimant challenged the appointment of the ALJ prior to ratification, the Appeals Council was directed to "conduct a new and independent review of the claims file and either remand the case to an ALJ *other than the ALJ who issued the decision under review*, or issue its own new decision about the claim covering the period before the date of the ALJ's decision." *Id.* (emphasis added).

In the wake of *Lucia*, courts across the country wrestled with the question of whether the Supreme Court intended to establish a bright-line rule requiring remand to a new ALJ in every case with an Appointments Clause problem or whether a more fact-specific inquiry was permissible.

At the time of this Court's Decision and Order, the Second Circuit had not addressed this question and district courts within the circuit had reached different conclusions. *Compare, e.g., Melissa L.R. v. Kijakazi*, No. 1:21-CV-00318(BKS), 2022 WL 3153937, at *3 (N.D.N.Y. Aug. 8, 2022)("The Court finds those cases that hold that rehearing by the same ALJ, even if properly appointed, does not cure the Appointments Clause defect, to be more persuasive.") *with Cheryl L. D. v. Comm'r of Soc. Sec. Admin.,* No. 3:21CV00704(SALM), 2022 WL 2980821, at *3 (D. Conn. July 28, 2022)("Plaintiff received a new, substantive hearing, with a substantively different decision, by an ALJ who had been properly appointed. Thus, the ALJ's 2021 decision presents no constitutional concern, and plaintiff is not entitled to remand on that basis.").

The Court found that *Lucia* did not establish a bright-line remedy rule and concluded that a remand was not required where, as here, the same ALJ presided over the subsequent administrative proceedings, but Plaintiff received a substantive second hearing and obtained a materially different decision after the ALJ's appointment had been validated. *Mollie Marie F. v. Comm'r of Soc. Sec.*, No. 1:22-CV-08418-GRJ, 2023 WL 5917660, at *10-11 (S.D.N.Y. Sept. 11, 2023).

On appeal, the Second Circuit reversed, adopting the bright-line reading and finding that *Lucia* "compels a finding that [Plaintiff] has suffered an unalleviated Appointments Clause violation and must be afforded a new hearing before a different ALJ." *Flinton v. Comm'r of Soc. Sec.*, 143 F.4th 90, 98 (2d Cir. 2025).

On October 17, 2025, Plaintiff filed a motion seeking an award of $51,893.78 in attorneys' fees, $4,692.08 in expenses, and $1,107 in costs pursuant to the EAJA. (Docket No. 35). The Commissioner filed a memorandum of law in opposition to the motion on November 24, 2025. (Docket No. 36). Plaintiff submitted a reply brief on January 6, 2026. (Docket No. 39-1).

## II.  DISCUSSION

"Under the EAJA, 'a court shall award to a prevailing party other than the United States fees ... incurred by that party in any civil action brought by or against the United States unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Padula v. Colvin*, 602 F. App'x 25, 26 (2d Cir. 2015) (quoting 28 U.S.C. § 2412(d)(1)(A)) (alterations omitted).

There is no question here that Plaintiff is a prevailing party. The Commissioner opposes Plaintiff's request for fees, arguing that its position

was substantially justified.  The Commissioner bears the burden of proof on this issue. *See Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81 (2d Cir. 2009).

The question of whether the government's position was substantially justified is, fundamentally, a question of reasonableness, *i.e.,* whether the position is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *see also Commodity Futures Trading Comm'n v. Dunn*, 169 F.3d 785, 786 (2d Cir. 1999)("The test is essentially one of reasonableness ….")(quoting *FEC v. Political Contributions Data, Inc.*, 995 F.2d 383, 386 (2d Cir.1993)).

The EAJA's substantial justification defense "protects the government when its case, though not prevailing, has a reasonable basis in law and fact." *Cohen v. Bowen*, 837 F.2d 582, 585 (2d Cir. 1988) (internal quotation marks & citation omitted).

In assessing the reasonableness of the government's litigation position, the "issue for EAJA purposes is not what the law is when the EAJA application is made, but rather whether the government was substantially justified in believing the law not to have foreclosed its position during the underlying litigation." *Commodity Futures*, 169 F.3d at 787.

Moreover, "[t]he fact that the government's position in the case was not accepted by the court ... does not in and of itself dictate a finding, or even raise a presumption, that the government's position was not substantially justified." *Hubbard v. Comm'r of Soc. Sec.*, No. 19-CV-282 (AEK), 2022 WL 11266612, at *3 (S.D.N.Y. Oct. 19, 2022)(quoting *Jenny R. R. v. Comm'r of Soc. Sec.*, No. 18-cv-1451 (DEP), 2020 WL 4034839, at *3 (N.D.N.Y. July 17, 2020)); *see also Scarborough v. Principi*, 541 U.S. 401, 415 (2004) ("Congress did not ... want the 'substantially justified' standard to be read to raise a presumption that the government position was not substantially justified simply because it lost the case.")(cleaned up).

Numerous district courts in this Circuit faced with the question presented here—whether a claimant who obtains a remand based on an Appointments Clause challenge is entitled to EAJA fees—have concluded that the Commissioner's defenses of such challenges were substantially justified. *See, e.g., Hubbard*, 2022 WL 11266612, at *4 (collecting cases); *Melissa L.R. v. Kijakazi*, No. 1:21-CV-00318 (BKS), 2023 WL 3040651, at *4 (N.D.N.Y. Apr. 21, 2023); *Garner v. Comm'r of Soc. Sec*, No. 19 CIV. 2703 (RPK) (VMS), 2022 WL 22923228, at *7 (E.D.N.Y. Feb. 15, 2022); *Garth D. v. Comm'r of Soc. Sec.*, 610 F. Supp. 3d 508, 514 (W.D.N.Y.

2022); *Jacqueline S. v. Kijakazi*, No. 3:18-CV-01977(RAR), 2022 WL 4289785, at *2 (D. Conn. Mar. 9, 2022).

In reaching this conclusion, the courts consistently note the "considerable flux" in the state of the law regarding the interpretation of *Lucia*. *See Hubbard*, 2022 WL 11266612, at *4.

This Court adopts the reasoning of these courts and concludes that the Commissioner's position was substantially justified.

In addition, and in the alternative, the Commissioner's position here was stronger than the arguments found reasonable in many of the prior cases. In most of the above-cited cases, the courts found it substantially justified for the Commissioner to argue that a claimant waived an Appointments Clause challenge by failing to raise it during the administrative proceedings, an argument ultimately rejected by the Supreme Court in *Carr v. Saul*, 141 S.Ct. 1352, 1362, 209 L.Ed.2d 376 (2021).

Here, the Commissioner made a more substantive argument— contending that *Lucia* did not establish a rule requiring remand to a different ALJ whenever there was an Appointments Clause problem but left open the possibility that a remand was not necessary where, as here, the

same ALJ, after being properly appointed, afforded the claimant a substantive second hearing and rendered a materially different decision.

This reading of *Lucia*, although a minority view, nevertheless had found support in numerous courts, including one in this Circuit. *See, e.g., Cheryl,* 2022 WL 2980821, at *3; *Govachini v. Comm'r of Soc. Sec.*, No. CV 19-1433, 2020 WL 5653339, at *1 n. 1 (W.D. Pa. Sept. 23, 2020); *Croce v. Comm'r of Soc. Sec.*, No. 6:20-CV-1393-EJK, 2022 WL 2276879, at *2 (M.D. Fla. Feb. 9, 2022); *Raper v. Comm'r of Soc. Sec.*, No. 5:20-CV-597-PRL, 2022 WL 1078128, at *6 (M.D. Fla. Mar. 25, 2022).

Moreover, since this Court's original decision accepting the Commissioner's argument, the United States Court of Appeals for the Eleventh Circuit adopted the reading of *Lucia* advanced by the Commissioner, creating a circuit split. *See Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1273 (11th Cir. 2024), *cert. denied sub nom. Raper v. O'Malley,* 145 S. Ct. 984, 220 L. Ed. 2d 362 (2024)("We therefore hold that there is no Appointments Clause violation when an earlier decision made by an unconstitutionally appointed ALJ is vacated on the merits and remanded to the same ALJ, who is now constitutionally appointed.").

Lastly, in a summary order issued while Plaintiff's appeal was pending, the Second Circuit recognized the circuit split and noted that it

had "never held that a decision issued by a properly appointed ALJ necessarily violates the Appointments Clause whenever that ALJ issued a prior decision in the same case before receiving a proper appointment." *Nersten v. O'Malley*, No. 23-1036, 2024 WL 1985995, at *2 (2d Cir. May 6, 2024).

Although the Circuit declined to resolve the issue in *Nersten* because the claimant failed to raise the Appointments Clause issue before the district court, and while the Circuit ultimately ruled the other way in its decision in the present case, *Nersten*'s language and *Raper*'s ruling demonstrate the "considerable flux" in the state of the law within the circuit and across the country on this question. This is compelling evidence of the reasonableness of the Commissioner's position.

The Commissioner also asserts that the fees and expenses requested were excessive. The Court need not address that argument as it finds that Plaintiff is not entitled to an EAJA award.

Regarding the request for reimbursement of costs, the Commissioner concedes that Plaintiff is entitled to costs as the prevailing party even though its position was substantially justified. *See* 28 U.S.C. § 2412 (a)(1).

The Commissioner does not object to Plaintiff's request for reimbursement of $907 in filing fees but opposes Plaintiff's request for a

10

$200 expense related to a *pro hac vice* motion made by one of her attorneys.  The Court finds that this reduction is warranted. *See Campos v. Kijakazi*, No. 21 CIV. 5143 (VMS), 2023 WL 8096923, at *13 (E.D.N.Y. Nov. 20, 2023)("Attorneys are responsible for the costs of their own admissibility before the Court such that it is unreasonable to ask Defendant to pay these fees.").

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for EAJA fees and expenses (Docket No. 35) is DENIED but Plaintiff's counsel is entitled to reimbursement of costs in the sum of $907.00, which costs shall be payable from the judgment fund administered by the United States Department of Treasury.

Dated: April 20, 2026
                                                    *s/ Gary R. Jones*
                                                    GARY R. JONES
                                                    United States Magistrate Judge

11